**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAUREN WOLF, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROMAN HEALTH VENTURES, INC.,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## NATURE OF THE ACTION

1. Lauren Wolf ("Plaintiff") brings this class action against Roman Health Ventures, Inc. ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), the Federal Communications Commission regulations promulgated thereunder, and Section 305.053 of the Texas Business and Commerce Code ("Section 305.053").

2. The TCPA and its implementing regulations, 47 C.F.R. § 64.1200(d), require telemarketing entities to maintain and implement procedures for honoring consumer requests not to receive further solicitations, including recording and honoring such requests within the applicable period.

3. Section 305.053 of the Texas Business and Commerce Code allows a person who receives a communication in Texas that violates 47 U.S.C. § 227, or a regulation adopted under it, to bring an action against the person who originates the communication for an injunction, damages, or both.

4. Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(d) and 47 U.S.C. § 227(c)(5), and Section 305.053 by sending, or causing to be sent,

unsolicited telemarketing text messages to cellular telephone numbers whose users have asked it to stop.

5. More specifically, upon information and good faith belief, Defendant, as a matter of pattern and practice, routinely resumes sending marketing text messages to consumers who have previously replied STOP.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

7. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because Plaintiff and Class Members, and Defendant are citizens of different states.

8. 28 U.S.C. § 1367 grants supplemental jurisdiction over the claims arising under Section 305.053.

9. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in New York, New York.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district.

## PARTIES

11. Plaintiff is a natural person who at all times relevant resided in the State of Texas.

12. Defendant is a Delaware corporation with principal place of business located in New York, New York that does business as Ro.

13. Upon information and good faith belief, Defendant sent the text messages described below, or caused them to be sent, directly or through vendors, marketers, or other persons acting on its behalf.

## FACTUAL ALLEGATIONS

14. Plaintiff is, and at all relevant times has been, the subscriber to, and sole and customary user of, the cellular telephone number (XXX) XXX-8056.

15. Plaintiff uses telephone number (XXX) XXX-8056 for personal and residential purposes and as her primary telephone number and substitute for a landline.

16. Plaintiff is a residential subscriber to telephone number (XXX) XXX-8056.

17. Plaintiff does not use telephone number (XXX) XXX-8056 for business purposes.

18. From approximately June 2020 through July 2020, Plaintiff was a customer of Defendant.

19. In or around March 2025, Plaintiff inquired about additional products or services offered by Defendant.

20. Thereafter, Defendant or persons acting on its behalf sent Plaintiff text messages from short code 77963 and identified the sender as “Ro.” Plaintiff received each text message in Texas.

21. On March 28, 2025, Defendant sent or caused to be sent a text message to Plaintiff stating, in relevant part: “Exciting news 🎉 Your insurance coverage report is ready. See your options now,” followed by a hyperlink directing Plaintiff to Defendant's website.

22. In response, Plaintiff replied, “STOP,” expressly requesting that Defendant cease sending text messages to (XXX) XXX-8056.

23. "STOP" is a standard and widely recognized instruction to cease text communications.

24. Defendant acknowledged Plaintiff's opt-out request, stating: "You have successfully been unsubscribed. You will not receive any more messages from this number. Reply START to resubscribe."

25. In or around April 2025, Plaintiff purchased a product from Defendant on a subscription basis.

26. In connection with that purchase, Plaintiff did not opt back in to receiving marketing text messages from Defendant.

27. Apart from her STOP replies, Plaintiff communicated with Defendant about her treatment only through Defendant's mobile app, not by text message.

28. Plaintiff canceled her subscription with Defendant in or around June 2025.

29. In or around December 2025, Plaintiff purchased a different product from Defendant on a subscription running through August 2026.

30. In connection with that purchase, Plaintiff did not opt back in to receiving marketing text messages from Defendant.

31. Notwithstanding Plaintiff's prior opt-out request, Defendant subsequently resumed sending text messages, or caused text messages to be sent again, to (XXX) XXX-8056 encouraging Plaintiff to renew her subscription and purchase Defendant's products.

32. On August 12, 2026, at approximately 10:54 a.m., Defendant sent or caused to be sent a text message from short code 77963 to Plaintiff stating: "Ro: 🚨 Your Rx expires today. Refill today to continue receiving treatment," followed by a hyperlink directing Plaintiff to Defendant's website. Plaintiff received and read this text message.

33. On August 13, 2026, at approximately 10:54 a.m., Defendant sent or caused to be sent a text message from short code 77963 to Plaintiff stating: “Ro: ⚠️ Your Rx expired. Refill now to avoid a gap in your treatment,” followed by a hyperlink directing Plaintiff to Defendant's website. Plaintiff received and read this text message.

34. On August 15, 2026, Plaintiff contacted Defendant through the app and advised that she did not need her next prescription shipment and requested a refund.

35. That same day, Defendant confirmed that it had issued a refund and disabled automatic refills for her prescription.

36. Defendant further advised Plaintiff that, if she wished to renew her treatment, she would need to complete another online visit.

37. On August 16, 2026, at approximately 9:00 a.m., Defendant sent or caused to be sent a text message from short code 77963 to Plaintiff stating: “Ro: You canceled your auto-refill subscription. Switch to auto-refill now to keep getting your meds,” followed by a hyperlink directing Plaintiff to Defendant's website. Plaintiff received and read this text message.

38. On October 15, 2026, at approximately 9:02 a.m., Defendant sent or caused to be sent a text message from short code 77963 to Plaintiff stating: “Ro: It's time to refill your Rx! Don't let your prescription expire. You'll need to complete a convenient online visit if you'd like to continue receiving refills,” followed by a hyperlink directing Plaintiff to Defendant's website. Plaintiff received and read this text message.

39. In response, Plaintiff again replied “STOP,” and Defendant again confirmed that she had been unsubscribed from receiving further text messages.

40. Defendant sent the August 12, August 13, August 16, and October 15, 2026 text messages for the purpose of encouraging Plaintiff to purchase Defendant's products or services,

including by refilling her prescriptions, reactivating her canceled subscription, or obtaining additional services from Defendant.

41. Despite Plaintiff's express request to stop receiving text messages, and Defendant's acknowledgment of that request, Defendant resumed sending Plaintiff text messages for the purpose of encouraging her to purchase its products or services.

42. Plaintiff did not reply “START” after March 28, 2025.

43. Plaintiff did not otherwise opt back in to receiving text messages from Defendant.

44. Plaintiff did not give Defendant prior express invitation, permission, or consent to send her solicitation text messages after March 28, 2025.

45. Defendant did not obtain from Plaintiff prior express invitation, permission, or consent to send her solicitation text messages after March 28, 2025.

46. Defendant sent, or caused to be sent, each text voluntarily and of its own free will.

47. Defendant knew it was sending text messages to Plaintiff’s number.

48. Defendant had the ability to honor Plaintiff’s STOP request.

49. Upon information and good faith belief, Defendant’s systems failed to carry Plaintiff’s opt-out forward, or apply it, when Plaintiff purchased a different product in December 2025.

50. Upon information and good faith belief, Defendant did not maintain, or did not implement, a written policy and procedures for maintaining a do-not-call list, did not train its personnel and any persons acting on its behalf in those procedures, and failed to record and/or honor Plaintiff’s request.

51. Defendant’s violations were knowing or willful as Defendant promised that Plaintiff “will not receive any more messages from this number.”

52. Plaintiff suffered actual harm from the text messages, including an invasion of privacy, an intrusion into her life, and a private nuisance.

53. Plaintiff found the text messages, particularly those sent after she asked Defendant to stop, irritating and invasive.

54. Defendant's records, and those of persons acting on its behalf, will identify each text message sent to Plaintiff, the recipients of its text messages, the content and timing of each message, and each opt-out request received.

55. Upon information and good faith belief, Defendant, as a matter of pattern and practice, sends, or causes to be sent, solicitation text messages to persons who have replied STOP or otherwise asked Defendant to stop sending text messages.

## CLASS ACTION ALLEGATIONS

56. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as the representative of the following classes (together, the "Classes," and each of their members, a "Class member"):

> *Internal Do Not Call Class*: All persons throughout the United States (1) who replied "STOP" (or another opt-out keyword) to a text message from Roman Health Ventures, Inc., (2) who did not thereafter reply "START" or otherwise opt back in to receiving text messages from Roman Health Ventures, Inc., (3) to whom Roman Health Ventures, Inc. thereafter sent, or caused to be sent, more than one text message advertising or promoting its products or services within any 12-month period, each more than thirty (30) days after that reply if the reply was made before April 11, 2025, or more than ten (10) business days after the reply if made on or after that date, (4) directed to a cellular telephone number used for residential purposes, (5) from four years prior to the filing of this complaint through the date of class certification.

> *Texas Class*: All persons residing in Texas (1) who replied "STOP" (or another opt-out keyword) to a text message from Roman Health Ventures, Inc., (2) who did not thereafter reply "START" or otherwise opt back in to receiving text messages from Roman Health Ventures, Inc., (3) to whom Roman Health Ventures, Inc. thereafter sent, or caused to be sent, more than one text message advertising or promoting its products or services within any 12-month period, each more than thirty (30) days after that reply if the reply was made before April 11, 2025, or more than ten (10)

business days after the reply if made on or after that date, (4) directed to a cellular telephone number used for residential purposes, (5) from four years prior to the filing of this complaint through the date of class certification.

57. Excluded from the Classes are Defendant, its officers, directors, and employees, and the immediate family members, legal representatives, heirs, successors, and assigns of any of them, any entity in which Defendant has or had a controlling interest, the judge assigned to this action and the judge's immediate family, and any person who timely elects to be excluded.

58. *Numerosity*. The members of the Classes are so numerous that joinder is impracticable. The exact number is unknown to Plaintiff and can be determined only through discovery, but upon information and good faith belief, Defendant sends text messages to thousands of consumers using templated messages sent in bulk.

59. *Ascertainability*. The Classes are defined by objective criteria. Class members can be identified from Defendant's records and those of persons acting on its behalf, including text-message logs, opt-out and suppression records, and consent records.

60. *Typicality*. Plaintiff's claims are typical of the claims of the Classes. Like every Class member, after asking Defendant to stop, Plaintiff received more than one solicitation text from Defendant. Plaintiff's claims arise from the same conduct, practice, and procedure as the claims of the Classes and rest on the same legal theories.

61. *Adequacy*. Plaintiff will fairly and adequately protect the interests of the Classes. Her interests are not antagonistic to theirs; she will vigorously pursue their claims, and she has retained counsel experienced in class action and consumer protection litigation, including under the TCPA, who will vigorously pursue this matter.

62. *Commonality and predominance*. Questions of law and fact common to the Classes predominate over any individual questions, including:

a. whether Defendant sent or caused to be sent text messages to Plaintiff and the Class members;

b. whether those messages were telephone solicitations;

c. whether text messages are "telephone calls" under 47 U.S.C. § 227(c)(5);

d. whether Defendant had prior express invitation or permission or an established business relationship with recipients;

e. whether Defendant maintained and implemented the written policy and procedures required by 47 C.F.R. § 64.1200(d);

f. whether Defendant honored requests to stop;

g. Defendant's conduct, pattern, and practice as it pertains to honoring requests to stop;

h. whether Defendant's violations were knowing or willful; and

i. the availability of statutory damages and injunctive relief.

63. *Superiority*. A class action is superior to other available methods of adjudication because:

a. individual Class members' damages are likely small relative to the cost of individual litigation;

b. the claims require proof of the same material facts and legal theories;

c. individual actions risk inconsistent or varying adjudications and incompatible standards of conduct for Defendant;

d. individual adjudications could, as a practical matter, impair other members' ability to protect their interests; and

e. concentrating the claims in one forum promotes efficiency, and Plaintiff foresees no unusual difficulty in managing this action as a class action.

64. Defendant acted or refused to act on grounds generally applicable to the Classes, making final injunctive and declaratory relief appropriate under Rule 23(b)(2).

## CAUSES OF ACTION

### COUNT I
### Defendant Violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)

65. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 64 as if fully set forth herein.

66. Defendant violated 47 C.F.R. § 64.1200(d) by sending, or causing to be sent, more than one solicitation text message within a 12-month period to Plaintiff's cellular telephone number, and to the cellular telephone numbers of the Internal Do Not Call Class members, after they asked Defendant to stop and after the time permitted to honor those requests had passed.

67. Upon information and good faith belief, Defendant also failed to (a) maintain a written policy and procedures for maintaining a do-not-call list, and (b) train its personnel and those acting on its behalf in those procedures.

68. As a result of Defendant's violations, Plaintiff and the Internal Do Not Call Class members are entitled to damages under 47 U.S.C. § 227(c)(5) in an amount to be proven at trial, and to injunctive relief.

### COUNT II
### Defendant Violated Texas Business and Commerce Code § 305.053

69. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 64 as if fully set forth herein.

70. Defendant violated Section 305.053(a) of the Texas Business and Commerce Code by originating text messages that violate 47 C.F.R. § 64.1200(d), a regulation adopted under 47 U.S.C. § 227, and that Plaintiff and the Texas Class members received in Texas, as alleged above.

71. As a result of Defendant's violations, Plaintiff and the Texas Class members are entitled to damages under Section 305.053(b)-(c) of the Texas Business and Commerce Code in

an amount to be proven at trial, and to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 C.F.R. § 64.1200(d) and 47 U.S.C. § 227(c)(5);

e) Adjudging and declaring that Defendant violated Section 305.053 of the Texas Business and Commerce Code;

f) Enjoining Defendant from sending telemarketing or solicitation text messages to Plaintiff and members of the Classes after receiving their requests to cease such communications;

g) Awarding Plaintiff and the members of the Internal Do Not Call Class statutory damages of up to $500 for each violation under 47 U.S.C. § 227(c)(5)(B), or their actual monetary loss if greater;

h) Awarding Plaintiff and the members of the Internal Do Not Call Class up to three times that amount for each willful or knowing violation under 47 U.S.C. § 227(c)(5);

i) Awarding Plaintiff and the members of the Texas Class the greater of $500 for each violation or their actual damages under Section 305.053(b) of the Texas Business and Commerce Code;

j) Awarding Plaintiff and the members of the Texas Class up to the greater of $1,500 for each violation or three times their actual damages under Section 305.053(c) of the Texas Business and Commerce Code;

k) Awarding Plaintiff and the Classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

l) Awarding Plaintiff and members of the Classes any pre-judgment and post-judgment interest as may be allowed under the law; and

m) Any other relief to which Plaintiff is entitled and/or that this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

Dated: November 5, 2026

*/s/ Adam T. Hill*

Adam T. Hill (AH9791)
500 Fifth Avenue, 42nd Floor
New York, NY 10110
Telephone: (315) 633-6896
Email: ahill@zlk.com

*Counsel for Plaintiff and the proposed classes*